**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CURTIS ALLEN YOUNG, | : | |
| | : | Civil Action No. 14-4685(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| J. HOLLINGSWORTH, Warden, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Curtis Allen Young
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640
    Petitioner pro se

**HILLMAN**, District Judge

  Petitioner Curtis Allen Young, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave to

---

[1] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

proceed in forma pauperis.  The sole respondent is Warden J. Hollingsworth.

Based on Petitioner's affidavit of indigence, this Court will grant Petitioner leave to proceed in forma pauperis. Because it appears from a review of the Petition that this Court lacks jurisdiction over Petitioner's claims, this matter will be transferred to the U.S. Court of Appeals for the Fourth Circuit.

## I.   BACKGROUND

Petitioner asserts that he was convicted of various offenses in the U.S. District Court for the Eastern District of Virginia, where he was sentenced to an aggregate 205-month term of imprisonment on June 3, 2002.  See U.S. v. Young, Crim. No. 01-0227 (E.D. Va.).[2]  Petitioner was convicted, among other offenses, of violating 18 U.S.C. § 922(g)(1), being a convicted felon in possession of a firearm.  The U.S. Court of Appeals for

---

> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] More specifically, on Counts 1, 2, and 4 (violations of 18 U.S.C. §§ 2, 471, 472, and 841), the court sentenced Petitioner to a term of 145 months' imprisonment; on Count 6 (the violation of 18 U.S.C. § 922), the court sentenced Petitioner to a concurrent term of 120 months' imprisonment; and on Count 5 (violation of 18 U.S.C. § 924(c)(1)), the court sentenced Petitioner to a term of 60 months' imprisonment, consecutive to the sentence imposed on all other Counts.

the Fourth Circuit affirmed, see U.S. v. Young, No. 02-4465 (4th Cir.), and the Supreme Court denied certiorari.

On August 6, 2004, Petitioner filed a Motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, in the trial court, which was denied on February 25, 2005.  See Young v. U.S., Civil No. 04-0474 (E.D. Va.).  The Court of Appeals denied a certificate of appealability.  See Young v. U.S., No. 05-6393 (4th Cir.).  More recently, Petitioner filed in the trial court another § 2255 motion, which he subsequently voluntarily withdrew.  See Young v. U.S., Civil No. 13-0458 (E.D. Va.).

Here, in the district where he is confined, Petitioner has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, asserting that an intervening change in the law has rendered him actually innocent of violating § 922(g) and that his remedy pursuant to 28 U.S.C. § 2255 is no longer available or effective in the district where he was convicted, because he can no longer meet the gatekeeping requirements of § 2255.

Petitioner's argument that he is "actually innocent" of violating § 922(g), being a felon in possession of a firearm, derives from two recent opinions of the Fourth Circuit.  In United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), taking into account the various factors that govern sentencing

3

decisions, such as criminal history, the Fourth Circuit held that in order for a prior state felony conviction to serve as a predicate felony offense for federal sentencing purposes, the defendant must have been convicted of an offense for which he, individually, could have been sentenced to a term of imprisonment exceeding one year.  In Miller v. United States, 735 F.3d 141 (4th Cir. 2013), the Fourth Circuit held that the holding in Simmons is retroactively applicable to cases on collateral review.  Here, Petitioner contends that the state conviction used to convict him of the § 922(g) violation was not a proper predicate felony, as he was not, and could not have been, sentenced to a term of more than one year for that state conviction.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
> A pro se pleading is held to less stringent standards than

more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

4

See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case."  Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir.) (citations omitted), cert. denied, 510 U.S. 946 (1993).  See also Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).  Here, for the reasons set forth below, this Court finds that it lacks jurisdiction to entertain this § 2241 Petition.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke

5

v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the court which imposed the sentence.  See 28 U.S.C. § 2255.  In addition, a one-year limitations period applies to § 2255 motions.  See 28 U.S.C. § 2255(f).  Further, second or successive motions are permitted only under very narrow circumstances.  See 28 U.S.C. §§ 2244, 2255 (h).

Section 2255, however, contains a "safety valve" permitting resort to § 2241, a statute without timeliness or successive petition limitations, and which permits filing in the court of confinement, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention."  See 28 U.S.C. § 2255(e).

In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be

6

considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil only because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to

7

ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

Thus, under Dorsainvil and its progeny, this Court would have jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003).

Here, Petitioner has failed to bring his claim within the Dorsainvil rule. The Simmons and Miller decisions of the Fourth Circuit are not binding on this Court, as the Supreme Court decisions considered in Dorsainvil and its progeny were, so the Fourth Circuit decisions do not create a new and binding constitutional rule for this Court. In addition, Petitioner has failed to explain why he could not have raised the same claim raised in Simmons in a timely appeal or § 2255 motion. Nor has Petitioner established that he could not have been sentenced to a term of imprisonment of more than one year for the underlying state conviction. Finally, Petitioner failed even to apply to the Fourth Circuit for leave to file a second or successive § 2255 motion in the trial court. Thus, Petitioner has failed

8

to demonstrate that the remedy under § 2255 is ineffective or unavailable. This Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[3] 28 U.S.C. § 2255. Cf. Rice v. Copenhave, Civil No. 14-0581, 2014 WL 2930859 (E.D. Cal. June 27, 2014) (dismissing, for lack of jurisdiction, a § 2241 petition raising a Simmons claim).

If a "second or successive" habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of jurisdiction or transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631. See Padilla v. Miner, 150 F.App'x 116 (3d Cir. 2005); Littles v. United States, 142 F.App'x 103,

---

[3] **Error! Main Document Only.** Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being re-characterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice. See United States v. Chew, 284 F.3d 468, 471 (3d Cir. 2002).

104 n.1 (3d Cir. 2005) (citing Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)). However, because § 2244(b) is effectively "'an allocation of subject-matter jurisdiction to the court of appeals,'" Robinson v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss such a petition only without prejudice.  See Ray v. Eyster, 132 F.3d 152, 155-56 (3d Cir. 1997).

Accordingly, this Court must determine whether transfer of this Petition to the Court of Appeals for the Fourth Circuit, for consideration as an application for leave to file a "second or successive" petition, would be in the interest of justice.

The Fourth Circuit is presently considering whether a Simmons error works a "fundamental miscarriage of justice" warranting equitable relief in the context of § 2255 claims. See Whiteside v. U.S., 748 F.3d 541 (4th Cir. 2014), reh'g en banc granted, No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014).  Accordingly, this Court finds that it would be in the interest of justice to transfer this matter to the Court of Appeals for the Fourth Circuit, as a petition for leave to file a second or successive § 2255 motion, in order to permit that

Court to consider, in the first instance, the import of its Simmons and Miller decisions in this context.[4]

---

[4] In this regard, the Court notes that, in its now-vacated panel decision, the Fourth Circuit expressly declined to decide whether the § 2255 savings clause might justify relief from a Simmons sentencing error through the filing of a § 2241 petition. Whiteside, 743 F.3d at 547, n.4.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court's procedural ruling is correct.

## V. CONCLUSION

12

For the reasons set forth above, this Court lacks jurisdiction over the Petition and will order its transfer to the U.S. Court of Appeals for the Fourth Circuit.  An appropriate order follows.


At Camden, New Jersey                  s/Noel L. Hillman
                                   Noel L. Hillman
                                   United States District Judge

Dated:  August 1, 2014